IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| POLARIS INNOVATIONS LIMITED, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION NO. 2:22-CV-00347-JRG |
| § | |
| BROADCOM, INC., § | **FILED UNDER SEAL** |
| § | |
| *Defendant.* § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Polaris Innovations Limited's ("Plaintiff") Motion to Compel Document Production and Interrogatory Responses (Dkt. No. 47) (the "First Motion to Compel") and Plaintiff's Motion to Compel Document Collection and Production (the "Second Motion to Compel") (Dkt. No. 53) (collectively, "the Motions to Compel"). Having considered the Motions to Compel and Defendant Broadcom, Inc.'s ("Defendant") responses thereto (Dkt Nos. 55, 59), the Court is of the opinion that the Motions to Compel should be and hereby are **GRANTED**.

### I. BACKGROUND

On November 15, 2022, Defendant filed a Motion to Dismiss Complaint ("Motion to Dismiss") alleging that Defendant does not have an established place of business in this District. (Dkt. No. 21). In particular, Defendant's Motion to Dismiss alleges that Plaintiff's Complaint incorrectly attributes the office located at 5465 Legacy Drive, Plano, Texas 75024 (the "Plano Office") to Defendant. (*Id*. at 8). Defendant contends that the Plano Office "is not controlled by [Defendant] and [Defendant] does not have any employees, or conduct business, at this office. Phillips Dec. ¶¶ 4-5. Instead, the [Plano Office] is controlled and utilized by CA, Inc. ("CA") a separate a distinct entity from named Defendant…Phillips Dec. ¶ 5." (*Id*.). Attached to Defendant's

Motion to Dismiss are six declarations signed by employees of "Broadcom." (*See e.g.*, Dkt. No. 21-1). Each declaration includes the following representation:

> To the extent that Broadcom is called upon to produce documents from its U.S. facilities concerning these chips, Broadcom expects that those documents will be collected and produced from its [San Jose, CA/Irvine, CA/Andover, MA/Colorado Springs] facilities. Likewise, to the extent that Broadcom is called upon to produce one or more U.S.-based witnesses to testify about these chips, Broadcom expects that I or other personnel from its [San Jose, CA/Irvine, CA/Andover, MA/Colorado Springs] office, or surrounding facilities, would be asked to testify.
>
> (Dkt. No. 21-1 ¶ 4; 21-2 ¶ 9; 21-3 ¶ 12; 21-4 ¶ 6; 21-5 ¶ 5; 21-6 ¶ 6).

Further, "Broadcom's" in-house counsel represented:

> To the extent that Broadcom Inc. and Broadcom Corp. store relevant documentary evidence in the United States, including source code and documents related to the design, development, and maintenance of the Accused products, it is located primarily in California, including the Northern District of California, with some also being located in Colorado or Massachusetts.
>
> (Dkt. No. 21-7 ¶ 10).

After Defendant filed its Motion to Dismiss, Defendant filed a Motion to Seal requesting the Court seal the Plano Office lease agreement, an exhibit to the Motion to Dismiss, arguing said agreement "contains sensitive confidential information relating to Broadcom, Inc.'s subsidiary's business operations." (Dkt. No. 28). The Court granted Defendant's Motion to Seal. (Dkt. No. 33).

In response to the Motion to Dismiss, Plaintiff argued that the Plano Office is Defendant's place of business as employees and agents, controlled and directed by Defendant, work at the Plano Office. (Dkt. No. 25). On February 6, 2023, the Court denied Defendant's Motion to Dismiss without prejudice and ordered that the parties conduct venue discovery related to the issues set forth in the Motion to Dismiss. (Dkt. No. 46). The Court's Order was abundantly clear that such discovery may pursue any fact or issue raised in the Motion to Dismiss. (*Id.*). The Order further

permitted Plaintiff to depose the "Broadcom" employees that submitted declarations in support of the Motion to Dismiss. (*Id.*).

On February 13, 2023, Plaintiff filed its First Motion to Compel asserting that Defendant refused to produce documents and information because the requested information was in the possession of Defendant's subsidiaries. (Dkt. No. 47). On February 22, 2023, Plaintiff filed its Second Motion to Compel alleging that Defendant refuses to produce responsive information related to the Plano Office from its subsidiaries, Broadcom Corp. and CA, Inc. (Dkt. No. 53). Plaintiff argues documents and information from Defendant's subsidiaries related to the Plano Office and the underlying issues in the case should be produced in response to Plaintiff's discovery requests because Defendant "has control over its wholly owned subsidiaries' documents," as reflected by the declarations attached to Defendant's Motion to Dismiss and Defendant's request to seal the lease agreement. (Dkt. No. 47 at 4–8; Dkt. No. 53 at 4, 5). Defendant responds that the Second Motion to Compel should be denied because Plaintiff already served deposition and document production requests on CA, Inc. (Dkt. No. 59 at 2-4). Defendant further argues that Plaintiff has failed to meet its burden of demonstrating that Defendant "controls" its subsidiaries. (Dkt. No. 59 at 4–8; Dkt. No. 55 at 3–8).

## II. DISCUSSION

In seeking dismissal of this lawsuit, Defendant was able to secure and produce several "Broadcom" employees in an effort to distance itself from the Plano Office and this District. When the Court ordered venue discovery in order to uncover further details and specifics as to the parties' conflicting positions related to the Plano Office, Defendant suddenly no longer controlled "Broadcom" or its employees and refused to produce documents from CA, Inc. – the entity Defendant claims controls and operates the Plano Office – and Broadcom Corp. – the supposed

employer of the declarants charged with supporting Defendant's Motion to Dismiss. Defendant's hot-then-cold positions are not well received by the Court. The Court's February 6, 2023 Order previously set forth the Court's expectations regarding the breath of the ordered venue discovery. Apparently, further clarification is required as to the Court's expectations of venue discovery and general discovery in this case. Defendant shall produce all non-privileged documents responsive to Plaintiff's requests for production in Defendant and/or Defendant's subsidiaries' possession within five (5) days of this Order. Within the next five (5) days, Defendant shall also respond to Plaintiff's interrogatory requests based on information within the possession, custody, or control of Defendant and/or any of its subsidiaries. There has been no serious question raised to cast doubt that Defendant controls its wholly owned subsidiaries. The Court is hopeful that with this clarification, no further disputes regarding the Court ordered venue discovery will arise. The parties should be mindful that the disputes addressed herein are just the kind of things to be considered when the Court is later asked to determine if this is an exceptional case under 35 U.S.C. § 285.

### III.   CONCLUSION

For the reasons set forth herein, Plaintiff's Motions to Compel (Dkt. Nos. 47 and 53) are **GRANTED**.

**So ORDERED and SIGNED this 15th day of March, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE